IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, U.S. DEPARTMENT OF EDUCATION, ) ) ) ) | |
| Appellant, ) ) | |
| v. ) ) | CASE NO. 3:14-CV-73-WKW [WO] |
| VALERIE AMOROSO AL-RIYAMI, ) ) ) | |
| Appellee. ) | |

**<u>MEMORANDUM OPINION</u>**

Appellant United States of America, U.S. Department of Education, appeals the United States Bankruptcy Court for the Middle District of Alabama's Order discharging Appellee Valerie Amoroso Al-Riyami's student loan debt under 11 U.S.C. § 523(a)(8)(B).  For the reasons to follow, the Order of the Bankruptcy Court is due to be affirmed.

**I.  JURISDICTION AND VENUE**

This court has jurisdiction to review the Order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1).  Venue is proper because an appeal "shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."  *Id.* § 158(a).

## II.  STANDARD OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error and its legal conclusions *de novo*.  *Educ. Credit Mgmt. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007).  A finding of fact "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation, internal quotation marks, and alterations omitted).

## III.  DISCUSSION

Appellant argues that the Bankruptcy Court committed reversible error in its bench-trial ruling that Appellee satisfied elements one and two of the three-pronged test for determining what constitutes undue hardship under § 523(a)(8)(B). *See Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238, 1241 (11th Cir. 2003) (per curiam) (adopting the test in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987), for determining undue hardship).[1]  Those two elements require a debtor to show (1) that she "cannot maintain, based on current income and expenses, a 'minimal' standard of

---

[1] A debtor must satisfy all three elements to obtain a discharge of a student loan. *Brunner*, 831 F.2d at 396.  Appellant does not challenge the Bankruptcy Court's finding under the third element that Appellee "made a good faith effort to repay her student loans."  (Bankr. Ct. Order, at 6.)

2

living for herself and her dependents if forced to repay the loans" and that (2) "additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans." *Brunner*, 831 F.2d at 396; *see also In re Cox*, 338 F.3d at 1242 (describing the second element as "an inability to pay that is likely to continue for a significant time").

### A.     First *Brunner* Element

Appellant raises three claims of error with respect to the Bankruptcy Court's ruling as to the first *Brunner* element.  First, Appellant contends that the Bankruptcy Court's factual finding that Appellee has no disposable income because her reasonable monthly expenses exceed her income by more than $500 is "flawed [because] it fails to account for the undisclosed amounts of monetary assistance Appellee receives from her husband and other family members." (Appellant's Br., at 7 (Doc. # 5).)  But the Bankruptcy Court did consider third-party sources of payment.  During the adversary proceedings, Appellee disclosed that her parents paid for her car, car insurance, and telephone service.  Based upon that evidence, the Bankruptcy Court excluded these items from Appellee's expenses.  It also excluded expenses for haircuts, which the record reveals Appellee's uncle provided for the children without charge.  (Bankr. Ct. Order, at 3

n.1 (Doc. # 2-30) (noting that Appellee's "expense itemization does not include costs for a vehicle and insurance, telephone, [and] haircuts . . .").) As a result, the third-party payments and services were not deducted from Appellee's income. Appellant does not contend that if these expenses had been incurred by Appellee, they would have been unreasonable.[2]

The Bankruptcy Court also took into account that Appellee's monthly "deficit is currently made up" not only by assistance from Appellee's parents, but also by "money she occasionally receives from her estranged husband." (Bankr. Ct. Order, at 3.) Appellee's trial testimony – that on prior occasions if she asked her estranged husband, he "might" pay either the electric or water bill (Trial Tr. 24) – does not leave the court with a firm conviction that the Bankruptcy Court made a mistake in finding that Appellee only occasionally receives financial support from her estranged husband. (*See* Bankr. Ct. Order, at 3.) Moreover, contrary to Appellant's assertion, the Bankruptcy Court expressly took into account that Appellee's estranged husband contributed at least a minimal amount

---

[2] It is notable also that the Bankruptcy Court could have deducted, but did not deduct, any expenses for unanticipated emergencies. (Bankr. Ct. Order, at 3 n.1); *see also In re McLaney*, 375 B.R. at 675 (observing that under the first *Brunner* element, it is appropriate to include "those other unanticipated expenses which seem, for every family, to inevitably pop-up each month but defy neat categorization" (citation and internal quotation marks omitted)).

to Appellee's monthly deficit.  There is no clear error in the Bankruptcy Court's factual findings.

Second, Appellant asserts that the Bankruptcy Court clearly erred because it did not include a tax refund in computing Appellee's income.  Although Appellee testified that in the past she had received tax refunds (Trial Tr. 27),[3] there is no testimony or other evidence that in August 2013 (when the trial took place), she knew whether she would receive a tax refund for the 2013 calendar year.  The Bankruptcy Court's failure to account for a tax refund in calculating Appellee's income is not clear error.

Third, Appellant contends that an "undue hardship" discharge is not appropriate because under an income-based repayment program offered by Appellant, a repayment plan would "allow for an adjusted payment amount" as low as $0.00 per month.  (Appellant's Br., at 9; *see also* Bankr. Ct. Order, at 3.)  This argument has not been successful in other courts, however.  *See Durrani v. Educ. Credit Mgmt. Corp., (In re Durrani)*, 311 B.R. 496, 506 (Bankr. N.D. Ill. 2004) ("There are numerous published cases where a debtor's monthly payment under the ICRP would be $0.00 – obviously an amount that any debtor can pay while maintaining a minimal standard of living – yet the court found the existence of

---

[3] She was not asked the amounts of those refunds.

undue hardship and determined that the student loan was dischargeable." (collecting cases)), *aff'd, Educ. Credit Mgmt. Corp. v. Durrani*, 320 B.R. 357 (N.D. Ill. 2005); *see also Thomsen v. Dep't of Educ. (In re Thomsen)*, 234 B.R. 506, 512 (Bankr. D. Mont. 1999) (even though the debtors' monthly payment would be zero under an income-based repayment program, the first *Brunner* element "requires simply that the Debtors show they cannot repay the loans and maintain a minimal standard of living").  Here, the Bankruptcy Court's factual findings, which are not clearly erroneous, support the legal conclusion that Appellee "cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans." *Brunner*, 831 F.2d at 396.  Appellee's repayment of her loan simply is not possible in any amount based upon her current income and expenses.[4]

In sum, the Bankruptcy Court did not commit reversible error in finding that Appellee satisfied the first *Brunner* element.

## B.     Second *Brunner* Element

With respect to the second *Brunner* element, Appellant contends that the Bankruptcy Court erred in finding that Appellee's "current circumstances are likely to persist into the foreseeable future." (Bankr. Ct. Order, at 6.)  As

---

[4] The Bankruptcy Court also did not commit clear error in finding that Appellee provided a "bare-boned" expense itemization that "omit[ted] expenses that almost certainly will arise." (Bankr. Ct. Order, at 5.)

6

Appellant correctly points out, Appellee has a college degree, a full-time job, mental and physical health, healthy children, and employable years ahead of her. However, while these factors are relevant to whether the debtor's dire financial situation will persist for a significant period of time, they are not the only factors. Other relevant factors, which the Bankruptcy Court considered, include the age of the debtor's children and the debtor's income history.  *See McLaney v. Ky. Higher Educ. Assistance Auth. (In re McLaney)*, 375 B.R. 666, 675 (M.D. Ala. 2007).

The Bankruptcy Court found that Appellee, a single mother, would be unable to work in her former higher-paying career because it requires overseas deployment that would take her away from the care of her two young children (four- and eight-years old).  It also found that Appellee lacked a marketable degree that would enable her to earn more money than she does in her current job, as demonstrated by Appellee's diligent job searches.  The Bankruptcy Court found that these circumstances established that for the foreseeable future Appellee likely would not be able to generate any disposable income to pay back her loan.  The Bankruptcy Court's factual findings are not clearly erroneous, and those facts support its legal conclusion that Appellee satisfied the second *Brunner* element.[5]

---

[5] The Bankruptcy Court framed the issue under *Brunner*'s second element as whether Appellee's situation was likely to persist "for the foreseeable future." (Bankr. Ct. Order, at 5.) Neither *Brunner* nor *In re Cox*, which adopted the *Brunner* test for this circuit, employs the phrase "foreseeable future."  While the semantical difference in the language used by the

## IV.  CONCLUSION

Based upon the foregoing, the Order of the Bankruptcy Court is AFFIRMED for substantially the same reasons set out in the Bankruptcy Court's well-reasoned Memorandum Opinion.

A separate judgment will be entered.

DONE this 21st day of April, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

Bankruptcy Court is noted, there is no indication that the Bankruptcy Court was applying a standard distinct from *Brunner*, and Appellant has not argued otherwise.  (*See* Bankr. Ct. Order, at 4 (quoting the *Brunner* test as articulated in *In re Cox*)); *cf. Nash v. Conn. Student Loan Found.* (*In re Nash*), 446 F.3d 188, 190–91 (1st Cir. 2006) (observing that the *Brunner* test "require[s] the debtor to demonstrate that her disability will prevent her from working for the foreseeable future").